MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 20
Docket:        Yor-14-325
Submitted
 On Briefs:    February 26, 2015
Decided:       March 5, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

IN RE T.C.

PER CURIAM

[¶1]  The father of T.C. appeals from an order entered by the District Court (Springvale, *Foster, J.*) terminating his parental rights pursuant to 22 M.R.S. § 4055(1) (2014).  The court found, based on the evidence presented at hearing, that the father had physically injured the child, causing the child to have broken ribs and bruising over her mouth, nose, and chest.  In addition, the court found that the father had been extremely intoxicated on some occasions while watching the child.  Further, the father had been uncooperative in reunification efforts, having cancelled or failed to attend many Family Team Meetings.  The Department of Health and Human Services had difficulty contacting him, and he had not spoken to or seen the child in over a year as of the time of the hearing.

[¶2]  The father was notified of the time and place of the termination hearing, but failed to appear at the hearing.  The father's counsel, who was present, moved to continue the hearing, although he had no explanation for the father's

2

absence. The motion was denied and the hearing proceeded. After the hearing, the court entered an order terminating the father's parental rights.

[¶3]  The father then appealed the termination order. Prior to filing the notice of appeal, the father did not move to reopen the evidence or make an offer of proof, either to provide some justification for his absence from the termination hearing or to demonstrate how his attendance and participation at the hearing might have had an impact on the outcome.

[¶4]  On appeal, the father contends that the evidence was insufficient to support the court's findings of parental unfitness and that termination of parental rights was in the best interest of the child. He also contends that, in violation of his rights to due process, the court abused its discretion by denying his counsel's motion to continue the hearing until the father could attend.

[¶5]  Contrary to the father's contentions, the record supports the court's finding that at least one ground of parental unfitness was proved by clear and convincing evidence. *See* 22 M.R.S. § 4055(1)(B)(2)(b)(i)-(iv); *In re Michaela C.*, 2002 ME 159, ¶¶ 17, 21-23, 809 A.2d 1245. Further, there was ample evidence in the record that termination of the father's rights was in the child's best interest. *See* 22 M.R.S. § 4055(1)(B)(2)(a); *In re Charles G.*, 2001 ME 3, ¶¶ 14-15, 763 A.2d 1163.

[¶6]  Finally, given that the father received advance notice of the hearing and chose not to appear, the court did not abuse its discretion by denying the father's attorney's motion to continue the termination hearing.  *See In re A.M.,* 2012 ME 118, ¶¶ 14, 16, 23, 26-27, 55 A.3d 463.

The entry is:

Judgment affirmed.

———————————

**On the briefs:**

William H. Ashe, Esq., Fairfield & Associates, Lyman, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Springvale District Court docket number PC-2013-1
FOR CLERK REFERENCE ONLY